**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017[*]
Decided October 24, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1927

| | |
|---|---|
| PAMELA J. PODEMSKI, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:16-cv-225 JVB |
| U.S. BANK NATIONAL ASSOCIATION and OCWEN LOAN SERVICING, LLC, <br>     *Defendants-Appellees*. | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

A lawyer for Pamela Podemski filed this action seeking to undo a seven-year-old Indiana judgment foreclosing her home mortgage. The district court, relying on the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of*

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*Appeals v. Feldman*, 460 U.S. 462 (1983), dismissed for lack of subject-matter jurisdiction. Podemski, now pro se, appeals the dismissal. We affirm that decision.

Podemski refinanced her home and later defaulted on the loan. U.S. Bank, which held the note and mortgage, obtained a judgment of foreclosure in 2009. Three years later Podemski asked the state trial court to vacate that judgment. (Not until October 2015 was a sheriff's sale finally conducted, and even now Podemski apparently remains in possession of the house.) The trial court refused to set aside the foreclosure, and in 2013 the Court of Appeals of Indiana upheld that decision. *Podemski v. U.S. Bank N.A.*, 980 N.E.2d 925 (Ind. Ct. App. 2013) (table decision). Podesmski did not seek further review by the Indiana Supreme Court. After that, in July 2015, Podemski sent a "notice of rescission" to U.S. Bank and its loan servicer, Ocwen Loan Servicing, saying she was backing out of the home loan because of violations of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f. In her notice Podemski explained she was rescinding "under the three day rule, the three year limitation, and under the usury and general claims theories." *See id.* §§ 1635(a), (f), 1640 (providing that obligor may rescind certain consumer credit transactions within three business days after consummation or, if creditor has failed to make disclosures required by TILA, within three years after consummation); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 762–63 (7th Cir. 2006) (applying §§ 1635(a) and 1640). When U.S. Bank and Ocwen ignored her notice, Podemski filed this action against them.

In her operative complaint, Podemski essentially contends that the defendants' silence in response to her notice of rescission operated to "cancel" her mortgage and preclude any further effort to take her house. She asks the district court to order the defendants to return her "canceled" note, reimburse all fees and loan payments, and "file any documents required to release any claim of encumbrance or lien arising out of the loan contract." The defendants moved to dismiss on the grounds that Podemski's notice of rescission had come too late to be effective and, more significantly, that the *Rooker-Feldman* doctrine deprived the district court of subject-matter jurisdiction to set aside the foreclosure judgment. That doctrine, interpreting 28 U.S.C. § 1257, divests all federal courts except the Supreme Court of jurisdiction to adjudicate suits by plaintiffs who effectively seek review and rejection of an adverse state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). The district court deemed the *Rooker-Feldman* argument dispositive and dismissed the action for lack of subject-matter jurisdiction.

In her opening brief to this court, Podemski rehashes her TILA claim without confronting the district court's explanation for dismissing her suit. Yet our recent decision in *Mains v. Citibank, N.A.*, 852 F.3d 669 (7th Cir. 2017), shows that Podemski's appeal is meritless. Like Podemski, the plaintiff in *Mains* sued in federal court and, relying on TILA, claimed he was entitled to keep his house because, after an Indiana court had entered a judgment foreclosing his mortgage, he told the holder of the defaulted note he was rescinding it. *Mains*, 852 F.3d at 674. We concluded that under Indiana law a foreclosure judgment is final, and that the plaintiff's purported rescission could not be sustained without "disregarding or effectively vacating" the state court's foreclosure judgment—an outcome incompatible with the *Rooker-Feldman* doctrine. *Id.* at 676–77.

Podemski's situation cannot be distinguished from that in *Mains*. She first discusses *Rooker-Feldman* in her reply brief, where she insists that the doctrine cannot apply because, in her view, the defendants "defrauded" the Indiana courts by not producing evidence sufficient to establish U.S. Bank's ownership of her defaulted note. But the plaintiff in *Mains* pressed this same "fraud" theory, *Mains*, 852 F.3d at 675, and we explained then that the *Rooker-Feldman* doctrine does not have a fraud exception, *id.* at 676; *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 605 (7th Cir. 2008). The doctrine is "concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene." *Iqbal*, 780 F.3d at 729.

In *Mains* we did acknowledge that, notwithstanding *Rooker-Feldman*, a district court might retain jurisdiction to adjudicate some TILA claims if their success would not require disregarding a state court's judgment foreclosing the underlying note. *Mains*, 852 F.3d at 677. Language in Podemski's complaint might suggest that, the question of timeliness aside, she was pursuing remedies for unspecified TILA violations unrelated to her demand for rescission. *See, e.g.*, 15 U.S.C. §§ 1638(a)(1)–(19), 1640(a) (requiring detailed disclosures in each credit transaction and providing statutory damages for violations). But Podemski was still represented by counsel when the defendants moved to dismiss her complaint, and it's clear from counsel's response to that motion that Podemski's lawsuit rests entirely on her assertion that her notice of rescission trumps the judgment of foreclosure. Thus the district court was correct to dismiss the entire suit for lack of subject-matter jurisdiction.

AFFIRMED.